UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL CHRISTOPHER MITCHELL,**

    **Petitioner,**

**v.**                        **Case No. 8:20-cv-2512-MSS-SPF**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**

_____/

## O R D E R

Mitchell petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court conviction for trafficking phenethylamines. After reviewing the petition (Doc. 1), the response and the relevant state court record (Doc. 10), and the reply (Doc. 11), the Court **DENIES** the petition.

### PROCEDURAL HISTORY

An information charged Mitchell with trafficking phenethylamines[1], in violation of Section 893.135(1)(k)(1) and (2)(a), Florida Statutes, possession of cannabis, and driving without a license. (Doc. 10-2 at 5–10) Mitchell pleaded guilty to the charges pursuant to a plea agreement, and the trial court sentenced Mitchell to two years in prison, followed by two years of probation. (Doc. 10-2 at 12–24) Mitchell did not appeal and did not seek post-conviction relief in state court. (Doc. 10-2 at 2) In his federal petition, Mitchell asserts

---

[1] MDMA belongs to a class of compounds called phenethylamines. *Wright v. State*, 869 So. 2d 24, 24 (Fla. 2d DCA 2004) ("Trafficking in MDMA and other phenethylamines did not become a statutory offense until chapter 2000-320, Laws of Florida, took effect on October 1, 2000.").

that the phenethylamines trafficking statute violates his federal right to due process. (Doc. 1 at 5) The Respondent asserts that the claim is procedurally barred on federal habeas. (Doc. 10 at 9–10)

## STANDARDS OF REVIEW

### Exhaustion and Procedural Default

A petitioner must exhaust the remedies available in state court before a federal court can grant relief on habeas. 28 U.S.C. § 2254(b)(1)(A). The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal court may stay — or dismiss without prejudice — a habeas case to allow a petitioner to return to state court to exhaust a claim. *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). If the state court would deny the claim on a state procedural ground, the federal court denies the claim as procedurally defaulted. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

To excuse a procedural default on federal habeas, a petitioner must demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law or (2) a miscarriage of justice based on actual innocence. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

## ANALYSIS

**Ground One**

Mitchell asserts that Section 893.135(1)(k), the phenethylamines trafficking statute, violates his federal right to due process because (1) the penalty for violating the statute is too severe, (2) a conviction for violating the statute creates a social stigma, (3) the statute, which does not require proof of mens rea, prohibits innocent conduct. (Doc. 1 at 5)

The Respondent asserts that the claim is procedurally defaulted because Mitchell failed to raise the claim on direct appeal. (Doc. 10 at 9–10) The trial court docket sheet confirms that Mitchell did not appeal his convictions and sentences. (Doc. 10-2 at 2) If Mitchell returned to state court to raise the claim, the post-conviction court would deny the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736.

Mitchell admits that he did not raise the claim in state court but contends that the claim is cognizable only in federal court. (Doc. 1 at 12) However, a defendant may raise on direct appeal in state court a claim challenging the constitutionality of a criminal statute. *See Statler v. State*, 349 So. 3d 873 (Fla. 2022). Even though Mitchell pleaded guilty, his guilty plea did not waive a claim challenging the constitutionality of the statute of conviction. *Class v. United States*, 138 S. Ct. 798, 804–05 (2018).

Mitchell further contends that he did not raise the claim in state court because he could not timely appeal. (Doc. 11 at 1–2) He contends that the trial court sentenced him on December 11, 2019, jail officials transferred him to prison on December 17, 2019, and he

3

lacked access to the prison law library until the reception process concluded thirty days later — January 17, 2020. (Doc. 11 at 1–2) However, appointed counsel represented Mitchell when he pleaded guilty (Doc. 10-2 at 15, 17), and the Sixth Amendment guaranteed Mitchell the right to counsel on appeal. *Douglas v. California*, 372 U.S. 353, 356–58 (1963). If Mitchell wanted to appeal, he could have asked appointed counsel to timely appeal. Also, even if his lack of access to the law library prevented him from timely filing a notice of appeal, he could have petitioned the state appellate court for a belated direct appeal. *See* Fla. R. App. P. 9.141(c).

Lastly, even if Mitchell alleges facts that demonstrate cause for the procedural default, he fails to demonstrate actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[A] showing . . . that 'some interference by officials' made compliance impracticable, would constitute cause under this standard.") (citation omitted); *United States v. Frady*, 456 U.S. 152, 170 (1982) ("[A petitioner] must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.") (italics in original).

Mitchell asserts that the phenethylamines trafficking statute violates his federal right to due process because the statute's penalties are too harsh, violation of the statute creates a social stigma, and the statute prohibits innocent conduct. (Doc. 1 at 5) *Shelton v. Sec'y, Dep't Corrs.*, 691 F.3d 1348, 1352-54 (11th Cir. 2012)[2] and *State v. Adkins*, 96 So. 3d 412 (Fla.

---

[2]In *Shelton v. Sec'y, Dep't Corrs.*, 691 F.3d 1348 (11th Cir. 2012), a habeas petitioner raised an identical claim challenging the Florida's drug possession statute. To determine that the statute violated federal due process, the district court relied on a "tripartite analysis for evaluating a strict liability offense under the strictures of the Constitution involv[ing] consideration of: (1) the penalty imposed; (2) the stigma associated with conviction; and (3) the type of conduct

2012), foreclose this argument. Specifically, *Shelton*, 691 F.3d at 1354, held that *State v. Adkins*, 96 So. 3d 412 (Fla. 2012), did not unreasonably determine that the possession statute does not violate federal due process.

To establish actual prejudice to excuse a procedural default, Mitchell must demonstrate that any error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. By pleading guilty, Mitchell admitted that he "underst[ood] there are facts the [prosecutor] could use to prove the charge[s] against [him]." (Doc. 10-2 at 13) Mitchell does not assert that he unknowingly or involuntarily pleaded guilty and instead asserts that the trafficking statute is facially unconstitutional. (Docs. 1 at 5 and 11 at 2–3) He fails to demonstrate that any infirmity in the trafficking statute "actual[ly]" and "substantial[ly] disadvantage[d]" and "infect[ed]" his guilty plea. *Frady*, 456 U.S. at 170. Because Mitchell fails to demonstrate cause and actual prejudice, the claim in Ground One is procedurally barred from federal review.

Ground One is **DENIED**.

Accordingly, it is **ORDERED** that Mitchell's petition (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter a judgment against Mitchell and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Mitchell neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the

---

purportedly regulated." *Shelton v. Sec'y, Dep't Corrs.*, 802 F. Supp. 2d 1289, 1300 (M.D. Fla. 2011) (citing *Staples v. United States*, 511 U.S. 600, 619–20 (1994)). The court of appeals reversed the district court's order granting relief. *Shelton*, 691 F.3d at 1355–56.

merits of the underlying claims and the procedural issues that he seeks to raise, a certificate

of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

      **DONE AND ORDERED** in Tampa, Florida on November 29, 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE